UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| GIDEON CRAWLEY, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ECF CASE** |
| Plaintiff, | ) | **06 Civ. 13228 (BSJ)(THK)** |
| | ) | |
| -against- | ) | **SECOND AMENDED** |
| | ) | **COMPLAINT** |
| JOHN HAYES, Borough Chief Clerk, Kings County) | | |
| Criminal Court, and Former BoroughChief Clerk of ) | | |
| New York County Criminal Court during the period ) | | |
| November 15, 2003 to December 5, 2003; ) | | |
| WILLIAM ETHERIDGE, Chief Clerk Of New York) | | |
| City Criminal Court; Court Officer THOMAS ) | | |
| VOHRER; MICHAEL MOES; PAUL POES, ) | | |
| | ) | |
| Defendants. ) | | |

-------------------------------------------------------------X

<u>**PRELIMINARY STATEMENT**</u>

1.      This is a civil rights action in which plaintiff GIDEON CRAWLEY seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, and by the United States Constitution, including its Fourth and Fourteenth

Amendments.  Plaintiff seeks damages, both compensatory and punitive, declaratory relief,

affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further

relief as this court deems equitable and just.

<u>**JURISDICTION**</u>

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

**JURY TRIAL DEMANDED**

3.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**VENUE**

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

**PARTIES**

5.      Plaintiff GIDEON CRAWLEY is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of New York.

6.      Defendants Court Officer THOMAS VOHRER and MICHAEL MOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of The State of New York and/or the New York State Office of Court Administration, an agency of The State of New York.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the State of New York, were acting for, and on behalf of, and with the power and authority vested in them by The State of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants Court Officer THOMAS VOHRER and MICHAEL MOES, are sued individually.

7.      Defendants JOHN HAYES, Borough Chief Clerk, Kings County Criminal Court, and Former Borough Chief Clerk of New York County Criminal Court during the period November 15, 2003 to December 5, 2003; WILLIAM ETHERIDGE, Chief Clerk Of New York

City Criminal Court; and PAUL POES, are and were at all times relevant herein duly appointed

and acting supervisory officers, servants, employees and agents of The State of New York and/or

the New York State Office of Court Administration, an agency of The State of New York,

responsible for the hiring, training, retention, supervision, discipline and control of clerks and

other employees under their authority. Said individual defendants are and were at all times

relevant herein acting under color of state law in the course and scope of their duties and

functions as supervisory officers, agents, servants, and employees of The State of New York

and/or the New York State Office of Court Administration, were acting for, and on behalf of, and

with the power and authority vested in them by The State of New York and/or the New York

State Office of Court Administration, and were otherwise performing and engaging in conduct

incidental to the performance of their lawful functions in the course of their duties.  Defendants

JOHN HAYES, WILLIAM ETHERIDGE, and PAUL POES are sued individually.

## STATEMENT OF FACTS

8.      Plaintiff was arrested on November 14, 2003 and was charged with one count of

violation of Penal Law § 220.03, Criminal Possession of a Controlled Substance in the Seventh

Degree in Criminal Court of the City of New York under Docket Number 2003NY077429

(hereinafter referred to as "Docket Ending 429").

9.      On November 15, 2003, at his arraignment, Plaintiff pled guilty to that charge and

was sentenced by the Honorable Judge John Stackhouse to a definite term of imprisonment of

Five (5) days.

10.     Plaintiff thus should have completed his sentence and been entitled to release

from the custody of the New York City Department of Corrections (hereinafter "NYC DOC") on

Docket Ending 429 on November 17, 2003.  (See New York State Corrections Law § 804, allowing good time credits amounting to one-third of a definite sentence, which on a five day sentence would be one day of good time credit; Plaintiff was also entitled to credit for the day he spent in custody pre-arraignment: on information and belief, the NYC DOC usually calculates any pre-arraignment detention extending across two calendar days as two days of credit for purposes of determining time-served).

11.     When Plaintiff was arrested it was also discovered that there was an outstanding Bench Warrant against Plaintiff from the Superior Court of California, County of San Francisco.

12.     At the November 15, 2003 hearing Plaintiff waived extradition, and a second, separate docket number, 2003NY077563 (hereinafter referred to as "Docket Ending 563") was assigned concerning the extradition matter.

13.     Judge Stackhouse adjourned the extradition case to December 5, 2003, and remanded Plaintiff to be held until that date for Plaintiff to be transferred to the custody of the San Francisco Sheriff's office.

14.     The Fugitive Affidavit was marked with a barcoded and standardized sticker denoting the Docket Number associated with the case (Docket Ending 563), but also had the Docket Number from Plaintiff's guilty plea on the New York controlled substance possession case (Docket Ending 429) handwritten upon it.

15.     A Securing Order, commanding the Commissioner of Correction of the City of New York to hold Plaintiff in his custody until "the adjourned date" (which Judge Stackhouse ordered to be December 5, 2003 for the Fugitive Affidavit matter assigned to Docket Ending 563), was filled out by defendant Court Officer THOMAS VOHRER and transmitted to the

4

NYC DOC.  The Securing Order was filled out improperly by defendant Court Officer

THOMAS VOHRER, however, and incorrectly stated that it was effective with regard to Docket

Ending 429, rather than Docket Ending 563, which was contrary to that which was Ordered by

Judge Stackhouse when he sentenced Plaintiff to a determinate sentence of five (5) days on

Docket Ending 429, and remanded Plaintiff on Docket ending 563.

16.     The Securing Order was obtained by the undersigned through a Freedom of

Information Request (FOIL Request) made by the undersigned to the NYC DOC, and was not

contained within the Criminal Court files for either Docket Ending 429 or Docket Ending 563

that were obtained by the undersigned from the New York County Criminal Court.

17.     Securing Orders are, as a matter of policy, practice, and routine custom, never

kept in the Criminal Court's file(s).

18.     A Sentence and Commitment form, which correctly denoted that a sentence of

"Five (5) days" was the disposition of Docket Ending 429, was contained within the Criminal

Court file for Docket Ending 429.

19.     Defendant Court Officer THOMAS VOHRER was also the individual who filled

out the Sentence and Commitment form.

20.     Defendant Court Officer THOMAS VOHRER's signature on both the Securing

Order and on the Sentence and Commitment form were illegible.

21.     Following Plaintiff's November 15, 2003 arraignment and sentencing, an "Order

of Suspension – Offenses Under Article 220 or 221 Penal Law" form was filled out and signed,

in the section of the document denoted as "Signature of Judge or Clerk of Court," by a Court

Clerk named Karen Kosky and placed into the Criminal Court file, purporting to suspend

5

Plaintiff's driver's license privileges for six months despite the fact that no mention whatsoever of this additional penalty was mentioned on the record by Judge Stackhouse as a part of Plaintiff's sentence.

22.     Court Clerk Karen Kosky's last name was illegible on the "Order of Suspension – Offenses Under Article 220 or 221 Penal Law" form.

23.     The section of the "Order of Suspension – Offenses Under Article 220 or 221 Penal Law" form denoted as "Defendant's Signature" was marked by Court Clerk Karen Kosky as "in jail".

24.     Thus, Plaintiff received no notice whatsoever from the Criminal Court of this license suspension, and would have had no idea, and did not have any idea, that his driver's license privileges had been suspended for six month by order of the Criminal Court.

25.     This practice of court clerks filling out the "Order of Suspension – Offenses Under Article 220 or 221 Penal Law" forms, in the absence of a judge's inclusion of that penalty as part of a criminal court defendant's sentence, and with no notice to a criminal court defendant that his or her license privileges have been suspended, is routine policy and practice in the New York County Criminal Court.

26.     On November 17, 2003 the Fugitive Unit of the San Francisco Police Department sent a fax to the District Attorney for New York County, dropping the hold on Plaintiff and informing the District Attorney's Office that the San Francisco Police no longer wished to extradite Plaintiff to answer the Bench Warrant.

27.     On November 18, 2003, in response to this fax from the San Francisco police, a hearing was held before the Honorable Judith Levitt concerning Docket Ending 563 in Part A of

the New York City Criminal Court.

28.     The Assistant District Attorney appearing on the case informed Judge Levitt that the enforcement authority (mistakenly referred to as the San Diego, rather than the San Francisco, Police) for the Bench Warrant no longer wished to extradite Plaintiff, and requested that the Court issue a "cut slip".

29.     The Court then dismissed the Fugitive Affidavit and ordered the cut slip to be issued on Docket Ending 563.

30.     Neither Plaintiff nor Plaintiff's attorney were present at this brief hearing; Plaintiff therefore, since he was in the custody of the NYC DOC, had no way of knowing about the dismissal of the Fugitive Affidavit or the issuance of the cut slip, unless someone were to inform him of these facts essential to his liberty interests.

31.     Cut slips are often issued at hearings at the New York County Criminal Court at which neither a criminal court defendant nor the criminal court defendant's attorney are present.

32.     There is no procedure in place at the New York County Criminal Court for notifying a criminal court defendant or his or her attorney that a cut slip was issued.

33.     On November 18, 2003, as ordered by Judge Levitt, the cut slip was issued concerning Docket Ending 563, commanding the Commissioner of Correction of the City of New York "to perform all required procedures to effect the IMMEDIATE RELEASE of defendant Gideon Crawley" in connection with the charges contained in Docket Ending 563. The cut slip was signed for by a Corrections Officer for the NYC DOC, and a handwritten notation on the cut slip indicates that it relates to an extradition matter.

34.     Plaintiff should have been released that same day, on November 18, 2003.  He

7

had served his full sentence on Docket Ending 429, and the Fugitive Affidavit that had been

holding him on Docket Ending 563 had been dismissed and a cut slip issued.

35.     Plaintiff was not released on November 18, 2003, however, because the NYC

DOC was still operating under the incorrect information on the Securing Order of November 15,

2003 – which incorrectly stated that Plaintiff was to be held until December 5, 2003 on Docket

Ending 429 rather than on Docket Ending 563 (which Securing Order, if it had referenced the

correct Docket Number, would have been superseded and nullified by the cut slip, thus returning

Plaintiff to his liberty).

36.     On December 5, 2003 the NYC DOC brought Plaintiff to the Criminal Court for

the "adjourned date" that had in actuality seventeen (17) days prior been rendered moot by the

cut slip ordered by Judge Levitt.

37.     At the Criminal Court, Plaintiff was informed by an unidentified Court Officer or

Corrections Officer that he should have been released previously.

38.     Plaintiff was released from the custody of the NYC DOC on December 5, 2003

without appearing before a Judge on that date.

39.     NYC DOC records reflect the fact that Plaintiff was released from custody on

December 5, 2003.

40.     The NYC DOC records also reflect the recordkeeping effects within the NYC

DOC stemming from the Court Officer THOMAS VOHRER's incorrect notation of Docket

Ending 429 on the Securing Order, rather than what would have been a correct notation of

Docket Ending 563.  That incorrect notation of Docket Ending 429 on the Securing Order caused

the NYC DOC to incorrectly hold Plaintiff as though he had been remanded on Docket Ending

8

429 on November 15, 2003, thus causing the loss of Plaintiff's liberty for 17 days.

41.    Defendants JOHN HAYES and WILLIAM ETHERIDGE were the supervisory officials with direct responsibility for ensuring, through adequate review, discipline, screening and training, the proper and responsible work and behavior of Court Officers at the New York County Criminal Court, and for the accuracy and integrity of New York County Criminal Court records concerning Docket Ending 429 and Docket ending 563 during the period November 15, 2003 to December 5, 2003, in particular the Securing Order incorrectly filled out by Court Officer THOMAS VOHRER.

42.    Defendants JOHN HAYES and WILLIAM ETHERIDGE were the supervisory officials with direct responsibility for ensuring, through adequate review, discipline, screening and training, the proper and responsible paperwork policies and practices of the New York County Criminal Court, including policies and practices of whether copies of issued securing orders would be kept in the files of the New York County Criminal Court.

43.    JOHN HAYES and WILLIAM ETHERIDGE were the supervisory officials with direct responsibility for ensuring, through adequate review, discipline, screening and training, the proper and responsible work and behavior of Criminal Court Clerks, including Court Clerk Karen Kosky, under their authority and supervision.

44.    The practice of not retaining Securing Orders in the Criminal Court's files was a significant contributing factor to the loss of Plaintiff's liberty.  If Securing Orders had been retained in the Court's files it would have been possible – indeed, likely - to catch and cure the incorrect entry on Plaintiff's Securing Order on November 18, 2003, when Plaintiff's "cut slip" was issued, which was the date Plaintiff should have been released from custody.  The practice

of Securing Orders not being kept in the Court's files made it impossible to catch and cure the incorrect entry on Plaintiff's Securing Order on November 18, 2003, when Plaintiff's "cut slip" was issued.

45.     A decision to change the grossly negligent practice pursuant to which copies of Securing Orders are not retained in the Court files, would, under the procedures of the New York County Criminal Court, have to be made through the input and involvement of, among others, Chief Clerk WILLIAM ETHERIDGE, and the Borough Chief Clerk (JOHN HAYES, at the time).

46.     There is no mechanism within the New York County Criminal Court for keeping track of the history or frequency of a Court Officer's clerical errors in his or her employment file.

47.     There is no instruction to Court Officers while employed at the Criminal Court to write their names legibly on Court paperwork, other than at their initial job orientation.

48.     A further practice that implicates the gross negligence of ETHERIDGE and HAYES, is their failure to retain, or require the retention of, a copy of the AR-4 (the arraignment part where Defendant VOHRER improperly wrote the incorrect docket number on Plaintiff's Securing Order) schedule or other court records that would allow for identification of a Court Officer or other Court employee who makes incorrect and illegible entries on Securing Orders or other important Court documentation during the course of his or her duties.

49.     Court Officer THOMAS VOHRER was identified in the present action by way of pure fortuity, when an investigator for the State of New York Office of the Attorney General, who was dispatched in the course of this action's parallel proceeding in the New York State Court of Claims, was able to show Court Officer THOMAS VOHRER's illegible signature to a

number of Court Officers, one of whom happened to be Court Officer THOMAS VOHRER'S partner, who recognized Court Officer THOMAS VOHRER's illegible signature.  This was the only way in which the New York County Criminal Court staff were able to identify Court Officer THOMAS VOHRER as the individual who filled out Plaintiff's Securing Order on November 15, 2003.

50.     The amount of training and emphasis that Court Officers receive concerning their paperwork responsibilities is grossly insufficient, and pales proportionately in comparison with the training they receive concerning their security duties at the New York County Criminal Court.

51.     It is Defendant Chief Clerk WILLIAM ETHERIDGE's responsibility to oversee the clerical functions of the New York County Criminal Court.  He was at all times relevant herein, and is, ignorant of basic practices and procedures by which important paperwork critical to Criminal Court defendants' liberty and property interests are generated and handled, and of the supervisory and training practices and procedures with regard to same, and was at all times relevant herein, and is, deliberately indifferent as to whether those practices and procedures cause unlawful deprivations of Criminal Court defendants' liberty and property interests.

52.     These numerous practices and omissions, separately and collectively, evince gross negligence to the liberty and property interests of Criminal Court Defendants, and in a systemic fashion significantly prevent proper accountability and the ability to track and safeguard against improper clerical actions, which resulted in the wrongful loss of Plaintiff's liberty and property.

53.     On information and belief, Plaintiff was held at the Anna M. Kross Center on

Rikers Island for the bulk of his time in NYC DOC custody during the period November 15, 2003 to December 5, 2003.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

54.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55.     By their conduct and actions in causing the illegal imprisonment of plaintiff GIDEON CRAWLEY, and in causing the illegal suspension of his driver's license privileges with no notice to him, defendants THOMAS VOHRER, JOHN HAYES, WILLIAM ETHERIDGE, and MICHAEL MOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

56.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered pain and mental suffering, and was otherwise damaged and injured.

## SECOND CLAIM

## LIABILITY FOR DEPRIVATION OF RIGHTS BY SUPERVISORY
## PERSONNEL UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C.
## §1983

57.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

12

58.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, and by instituting and/or failing to correct grossly negligent and irresponsible policies and practices, supervisory officers JOHN HAYES, WILLIAM ETHERIDGE, and PAUL POES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

59.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered pain and mental suffering, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  The convening and empanelling of a jury to consider the merits of the claims herein;

    d.  Costs and interest and attorney's fees;

    e.  A declaratory judgment that the suspension of Plaintiff's driver's license, which penalty was not pronounced as part of Plaintiff's sentence by the sentencing judge, and which order was issued by Court Clerk Karen Kosky with no notice whatsoever to the Plaintiff, unlawfully deprived Plaintiff of his Constitutionally protected liberty and property rights, and the award of $1.00 in nominal damages on that claim;

    f.  Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
   December 14, 2009


        _____/S/_____
        JEFFREY A. ROTHMAN, Esq.
        (JR-0398)
        315 Broadway, Suite 200
        New York, New York 10007
        (212) 227-2980
        Attorney for Plaintiff GIDEON CRAWLEY